UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY MANUEL ANDERSON,

    Plaintiff,

v.                                                                                  Case No. 5:20-cv-113-RV-MJF

CENTURION HEALTH CARE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rodney Manuel Anderson has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 11). Upon review of the second amended complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Anderson's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

### I.  Background

Anderson (DC# J11949) is an inmate of the Florida Department of Corrections confined at the Reception and Medical Center in Lake Butler, Florida.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

(Doc. 14). Anderson's second amended complaint names four Defendants: Centurion Health Care, Dr. Louis Lopez, Assistant Warden Glen Hancock, and Administrative Assistant K. Reynolds. (Doc. 11 at 1-2A).[2] Anderson claims that from October 25, 2018, through November 2019, while confined at Jackson Correctional Institution, Defendants were deliberately indifferent to his serious medical needs when they failed to provide particular medications and medical passes. (*Id*. at 5-7). As relief, Anderson seeks $300,000.00 in damages and an injunction "ensur[ing] Plaintiff does not suffer from altered care." (*Id*. at 7).

## II.   Discussion

### A.   Screening for Maliciousness

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on

---

[2] Citations to page numbers of Anderson's second amended complaint are according to Anderson's pagination.

which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.     **Anderson's Disclosures**

In his second amended complaint, Anderson provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 11 at 3-4A). On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (*Id*. at 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Anderson marked "No," and disclosed no cases. (*Id*.).

On the same page of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id*.). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Anderson marked "No," and disclosed no cases. (*Id*.).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*Id*. at 4). Where there

are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Anderson marked "Yes," and disclosed two cases:

(1) *Anderson v. Goodman, et al.* Anderson described this case as a civil rights action he filed in the United States District Court for the Middle District of Florida ("Middle District"), claiming that a nurse changed his medication without a doctor's order. Anderson did not identify the case number, but indicated that it was filed sometime between 2004-2007, and closed in 2007, upon the court granting summary judgment in favor of the defendants. The undersigned has identified this case as *Anderson v. Rutherford, et al.*, Middle District Case No. 3:06cv413-TJC-JRK. Anderson filed that lawsuit in 2006, and it was closed upon the entry of summary judgment in favor of the defendants.

(2) *Anderson v. Speights, et. al*. Anderson described this case as a civil action he filed claiming that Dr. Speights and Nurse McMullins committed a "breach of confidentiality." Anderson did not identify the case number, the court in which the case was filed, or whether it was a state or federal lawsuit. Anderson indicated that he filed the case in 2006-2007 and that it was dismissed due to his failure to locate the defendants. The undersigned has identified this case as *Anderson v. McMillan, et al.*, a tort action Anderson filed in the Circuit Court for Jackson County, Florida, Case No. 2011-CA-917. The case was dismissed for Anderson's failure to serve the defendants.

(*Id*. at 4-4A). Anderson disclosed no other cases.[3]

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*Id*. at 4). Where there are parenthetical

---

[3] Anderson disclosed the same two cases in his initial complaint (Doc. 1 at 14-15 in ECF) and in his amended complaint (Doc. 8 at 14-15 in ECF).

areas to mark either a "Yes" or "No" answer to Question (D), Anderson marked "No," and disclosed no cases. (*Id.*).

At the end of the civil rights complaint form, Anderson signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id*. at 7). Thus, Anderson has in effect stated that, at the time he filed his second amended complaint on July 14, 2020, he had not initiated any other action in federal court that: (1) related to the fact of his incarceration (including habeas corpus petitions); (2) related to the conditions of his confinement; or (3) was dismissed as frivolous, malicious, failing to state a claim, or prior to service.

**C.**     **Anderson's Omissions**

The court takes judicial notice that at the time Anderson filed his second amended complaint in this case, he had initiated four other civil actions in federal court that he should have disclosed:

(1)   *Anderson v. Rutherford, et al.*, No. 3:06-cv-86-HES-TEM (M.D. Fla. Jan. 31, 2006) (dismissing a civil rights action <u>relating to the conditions of confinement</u> for Anderson's failure to exhaust his administrative remedies);

(2)   *Anderson v. Culpepper*, No. 3:08-cv-83-MMH-MCR (M.D. Fla. Mar. 1, 2011) (denying Anderson's habeas corpus petition);

(3) *Anderson v. Sec'y, Dep't of Corr*, No. 3:15-cv-361-HES-PDB (M.D. Fla. Mar. 26, 2015) (dismissing Anderson's habeas corpus petition because it was an unauthorized second or successive petition); and

(4) *Anderson v. Gilo*, No. 5:12-cv-61-MP-EMT (N.D. Fla. July 16, 2012) (dismissing, upon a notice of voluntary dismissal, a civil rights action relating to conditions of confinement).

All of the foregoing cases may be identified as Anderson's, because they bear his Department of Corrections inmate number J11949. Anderson did not disclose any of these cases in his initial complaint (Doc. 1), his amended complaint (Doc. 8), or his second amended complaint (Doc. 11). Anderson's omissions violated his duty of candor to this court.

## D.  The Materiality of Andersons's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at

969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts therefore cannot tolerate false or misleading responses in pleadings or motions. Here, Anderson falsely responded to questions on the complaint form as detailed above. Anderson knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 11 at 3). A penalty is warranted both to deter Anderson from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.     **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Anderson's false responses to go unpunished. If Anderson suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose

of the form. An appropriate sanction for Anderson's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Anderson an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). A mere admonition also would not deter Anderson or others. Furthermore, dismissal without prejudice would serve as a warning to Anderson and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this 8th day of October, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**